**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000355**
**23-AUG-2013**
**10:17 AM**

NO. CAAP-12-0000355

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL C. TIERNEY, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 4642375MO & 4642377MO)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Michael C. Tierney ("Tierney"), appeals *pro se* from the "Order Denying Defendant's Motion Under Rule 60(B) of the Federal Rules of Civil Procedure" ("Order Denying Motion"), filed on January 23, 2012, in the District Court of the First Circuit ("District Court").[1] The District Court denied Tierney's motion for relief pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 60(b) ("Motion") on the basis that FRCP Rule 60(b) did not apply to Tierney's cases, which were heard in state court and involved criminal traffic matters.

On appeal, Tierney appears to argue that the District Court deprived him of his right to (i) a jury trial, (ii) counsel at trial, (iii) confront witnesses, (iv) appeal, and (v) counsel on appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tierney's points of error as follows:

---

[1] The Honorable Leslie A. Hayashi presided.

Rather than dismissing Tierney's Motion on the basis that FRCP Rule 60(b) did not apply, the District Court should have treated it as a nonconforming Hawaiʻi Rules of Penal Procedure ("HRPP") Rule 40 petition. *See Sparks v. State*, No. 30238, 2012 WL 5834575 (Haw. Ct. App. Nov. 16, 2012) (holding that petitioner's motion should have been treated as an HRPP Rule 40 nonconforming petition); *Kekona v. State*, No. 30245, 2011 WL 6934912 (Haw. Ct. App. Dec. 29, 2011) (same).

HRPP Rule 40(c)(2) sets out the criteria for the court to consider when determining whether to treat a nonconforming petition as an HRPP Rule 40 petition:

> NONCONFORMING PETITION. Where a post-conviction petition deviates from the form annexed to these rules, it shall nevertheless be accepted for filing and shall be treated as a petition under this rule provided that the petition (i) claims illegality of a judgment or illegality of "custody" or "restraint" arising out of a judgment, (ii) is accompanied by the necessary filing fee or by a well-founded request to proceed without paying filing fees, and (iii) meets minimum standards of legibility and regularity.

Haw. R. Pen. P. 40(c)(2) (2013).

Tierney's Motion meets the criteria for a nonconforming petition under HRPP Rule 40(c)(2). The Motion is legible and claims, in essence, that the judgment was illegal because Tierney was denied due process. *See* Haw. R. Pen. P. 40(a)(1)(i). There has been no indication that Tierney failed to pay, or did not qualify for an exemption from paying, the necessary filing fee.

HRPP Rule 40(c)(2) sets out the procedure to follow in handling a nonconforming petition under HRPP Rule 40:

> When treating a nonconforming petition as a petition under this rule, the court shall promptly clarify by written order that the requirements of this rule apply and, if the information in the petition is incomplete, may require the petitioner to file a supplemental petition in the form annexed to these rules before requiring the state to respond.

Haw. R. Pen. P. 40(c)(2). Thus, the District Court may address any missing information in the nonconforming petition by entering an order instructing Tierney to supplement his petition as necessary.

Therefore,

IT IS HEREBY ORDERED that the Order Denying Motion filed on January 23, 2012, in the District Court of the First Circuit is vacated and this case is remanded for the District Court to address Tierney's Motion as a nonconforming HRPP Rule 40 petition.

DATED: Honolulu, Hawai'i, August 23, 2013.

On the briefs:

Michael C. Tierney,
Pro Se Petitioner-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge